UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN, | 1:11-cv-01601 MJS HC |
| Petitioner, | ORDER DENYING WITHOUT PREJUDICE MOTION TO CLARIFY AND MAKE MODIFICATION |
| v. | |
| MARGRET MIMS, | [Doc. 17] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on September 21, 2011. (Pet., ECF No. 1.) On December 7, 2011, Petitioner filed a motion to clarify and make modification. (Mot., ECF No. 17.) Petitioner requests that the Court allow him to make corrections to the documents filed in the present case.

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> (1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Petitioner may amend as a matter of course up to 21 days after a responsive pleading or motion is filed. Respondent has yet to file a response. While Petitioner may

-1-

amend or correct his petition, he has not provided an amended petition or described the corrections he desires to make. Accordingly his motion is denied without prejudice to his filing a motion to amend containing all the information he desires to present and complying with the following rules.

Rule 2 of the "Rules Governing Section 2254 Cases" provides that the petition "... must specify all the grounds for relief available to the petitioner; state the facts supporting each ground; state the relief requested..." Rule 2 of the Rules Governing 2254 Cases. Rule 2 further provides that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge." Id. at 2(c).

In addition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

Petitioner is advised that an amended petition supercedes the original petition, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Accordingly, Petitioner's last filed amended petition must contain all the claims Petitioner wishes to present before the Court. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)).

///
///
///
///

Accordingly, it is HEREBY ORDERED that:

1  Petitioner's Motion to Clarify and Make Modification is DENIED without
2  prejudice.

4  IT IS SO ORDERED.
5  Dated:   December 13, 2011           /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE