# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN, | 1:11-cv-01601 MJS HC |
| Petitioner, | ORDER GRANTING MOTION TO DISMISS PETITION AND DENYING OTHER OUTSTANDING MOTIONS AS MOOT |
| v. | |
| MARGRET MIMS, | (Docs. 22-30) |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 10, 13.)

Petitioner filed the instant habeas petition in this Court on September 21, 2011. Petitioner is a federal inmate serving a life sentence. (Mot. to Dismiss, Ex. A.) Petitioner has not provided information about nor challenges to his underlying sentence. In 2008, while serving his federal sentence, Petitioner was charged with assault with the intent to commit murder and assault on a federal official involving a deadly or dangerous weapon. (Mot. To Dismiss, Ex. B.[1])

The matter went to trial in July, 2010. (C.R. 57-59.) The jury was deadlocked, and the

---

[1] Exhibit B to Respondent's motion to dismiss is the Case Management/Electronic Case Filing report for Petitioner's criminal proceedings - USA v. Brown 1:08-cr-00347-LJO-1. The Court shall refer to docket entries from Petitioner's criminal proceedings as "C.R."

court declared a mistrial. (Id.) Later, after several motions, the court granted the government's motion to dismiss the case, (C.R. 86-87.)

At the time of iling the instant petition, Petitioner was incarcerated at the Fresno County Jail. However, Petitioner has subsequently been transferred to the United States Prison in Lewisburg, Pennsylvania.[2]

Petitioner's habeas petition claims that he was denied ineffective assistance of counsel and the right to file an appeal relating to the charges against him.. (Pet. at 4.) On October 17, 2011, the Court ordered Respondent to file a response to the petition. On February 6, 2012, Respondent filed a motion to dismiss the petition based on the Court's lack of jurisdiction to hear Petitioner's claims. (Mot. to Dismiss, ECF No. 25.) Petitioner has filed eight miscellaneous motions, but has not filed a response to Respondent's motion to dismiss. (See ECF Nos. 22-24, 26-30.)

I.  **PROCEDURAL GROUNDS FOR MOTION TO DISMISS**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Rule 1(b) of the Rules Governing Section 2254 Cases. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to

---

[2] Jurisdiction attaches with filing of the petition in this district and this Court is not divested of jurisdiction based on subsequent transfer. See Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

## II.   FACTUAL AND PROCEDURAL HISTORY

Petitioner, while in federal custody at the United States Penitentiary Atwater, in Atwater California, was charged with assault with the intent to commit murder and assault on a federal official involving a deadly or dangerous weapon. However, the charges were ultimately dismissed. On September 8, 2011, Petitioner filed a motion to vacate, set aside, or correct a sentence under § 2255 in the underlying criminal action. (See C.R. 88-89.) The court dismissed the motion for lack of jurisdiction as the criminal indictment was dismissed and Petitioner suffered no adverse consequences. (See C.R. 90.) Petitioner filed a second motion to set aside the judgment in the underlying complaint on January 5, 2012. (See C.R. 116.) The court again dismissed the motion on the same grounds. (See C.R. 116.)

## III.   ANALYSIS

On February 6, 2012, Respondent filed a motion to dismiss the petition. Respondent asserts that since the charges against Petitioner were dismissed, there is no live controversy and the petition should be dismissed as moot. The Court agrees.

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71, 104 S. Ct. 373, 78 L. Ed. 2d 58 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of

habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). Mootness is jurisdictional. See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer, 523 U.S. at 18.

A case becomes moot because of the absence of an actual case or controversy where the petitioner no longer suffers or anticipates an injury traceable to the respondent which is likely to be redressed by a judicial decision. Spencer, 523 U.S. at 11. As described above, criminal charges against Petitioner were dismissed. As Petitioner suffered no adverse criminal consequence, and the Court is not able to provide any remedy.

**IV.     CONCLUSION**

Because the charges against Petitioner have been dismissed, and because there does not appear to be any collateral consequence that could be addressed by continuing the litigation, the petition is moot. Accordingly, the petition shall be dismissed.

**V.      CERTIFICATE OF APPEALABILITY**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

U.S. District Court
E. D. California

-4-

        (B) the final order in a proceeding under section 2255.

     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED as MOOT;

2. All pending motions (ECF Nos. 22-24, 26-30.) are DISMISSED as MOOT;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   June 29, 2012          /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE